UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GE COMMERCIAL DISTRIBUTION FINANCE CORPORATION, | ) ) ) | CASE NO. 4:10CV2673 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| W.W. CYCLES, INC., et al., | ) ) | **MEMORANDUM OPINION** |
| DEFENDANTS. | ) ) ) | |

Before the Court is plaintiff's motion to remand (Doc. No. 7), defendants' opposition (Doc. No. 9, as supplemented by Doc. No. 15), plaintiff's reply (Doc. No. 11), and defendants' sur-reply (Doc. No. 18). For the reasons discussed below, the motion is **GRANTED**.

## I. JURISDICTIONAL ALLEGATIONS

On November 23, 2010, defendants timely removed the above-captioned action to federal court from the Mahoning County Court of Common Pleas. (Doc. No. 1.)[1] The Notice of Removal asserts as follows:

    3.    The grounds for removal of this action are:

        a.    On or about, November 19, 2010, Plaintiff filed a Complaint in the Court of Common Pleas of Mahoning County, Ohio Case No. 10 CV 4360.

---

[1] Prior to removal, the state court judge entered an Order of Pre-Judgment Possession entitling plaintiff to immediate possession of personal property described in the Order. He also entered a Temporary Restraining Order. Shortly after removal, this Court conducted a telephone conference to inquire about the status of the TRO and whether a preliminary injunction hearing would be required. Plaintiff's counsel informed the Court of his intention to file an immediate motion to remand on the ground of lack of complete diversity. The Court informed counsel that it would take no action until it is certain of its jurisdiction. (*See* Minutes of Proceedings, 11/30/2010.)

    b.    There is complete diversity of citizenship between Plaintiff and Defendants in this action because:

        i.    Plaintiff GE Commercial Distribution Finance Corporation is a corporation that is incorporated under the laws of the State of Delaware.

        ii.    Defendant W.W. Cycles, Inc. is an Ohio Corporation with its principal place of business located in Salem, Ohio.

        iii.    Defendant Giant Motorsports, Inc. is a Nevada Corporation with its principal place of business located in Salem, Ohio.

        iv.    Defendant Chicago Cuycle [sic], Inc. is a Nevada Corporation, with no current principal place of business, and is subject to service of process through its agent in Salem, Ohio.

    c.    More than $75,000, exclusive of interest and costs, is in controversy in this action.

Therefore, this Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the action had originally been brought in federal court. Removal is, therefore, proper under 28 U.S.C. § 1441(a).

(Doc. No. 1.) The removed Complaint also alleges that plaintiff is "authorized to transact business" in Ohio and has its "principal office" in Hoffman Estates, Illinois (Compl. ¶ 1) and that defendant Chicago Cycle, Inc. "previously maintained and operated a motorcycle dealership" in Chicago, Illinois, but that the dealership closed on October 30, 2010 and all remaining inventory was moved to Salem, Ohio, where Chicago Cycle is "subject to service of process" (Compl. ¶ 4).

## II. DISCUSSION

"A defendant removing a case has the burden of proving the diversity jurisdiction requirements." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

"Diversity of citizenship [...] exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citation and quotation marks omitted). "In order for a defendant to remove a case to federal court based on diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Applying the "nerve center" test for principal place of business articulated in *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010), plaintiff asserts that it is a citizen of both Delaware and Illinois.[2] Plaintiff argues that it is a citizen of Illinois because its "nerve center" is in Illinois. It further argues that defendant Chicago Cycles is also a citizen of Illinois where it is registered to do business, where all its officers are found, and where it last conducted business, prior to closing its retail operations less than one month before this lawsuit commenced. In its

---

[2] In *Hertz*, the Supreme Court "reviewed the Courts of Appeals' divergent and increasingly complex interpretations" of the phrase "principal place of business," *id.* at 1192, and held:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters--provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

reply brief, plaintiff adds the additional argument that removal was prohibited by 28 U.S.C. § 1441(b) which allows removal "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Defendants assert in opposition that, as of the date of the filing of the Complaint, Chicago Cycles had no principal place of business *anywhere*, including Illinois. It further argues that Illinois is also not the "nerve center" of plaintiff. In its sur-reply brief, which the Court requested (*see* Order, Doc. No. 12), defendants argue that § 1441(b) "is entirely inapplicable and de facto meritless, as the subject proceeding is not a 'claim or right arising under the Constitution, treaties or laws of the United States,' thus the cited statute is inapplicable and since complete diversity jurisdiction exists with regard to the Plaintiff and each of the Defendants remand again should be denied." (Sur-reply at 3.)

The Court finds no need to address the question of the principal place of business of either plaintiff or defendant Chicago Cycles because it concludes that § 1441(b) precluded removal and, therefore, remand is appropriate.

Section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.* (Emphasis added.)

As is clear from the statute, although federal district courts have authority to exercise diversity jurisdiction, they may do so only within the confines of § 1441(b), addressed by another judge of this court as follows:

> Referred to as the forum defendant rule, § 1441(b) prohibits removal if the defendant is a citizen of the state in which the suit was filed. *Geffen v. General*

> *Elec. Co.,* 575 F.Supp.2d 865, 869 (N.D.Ohio 2008). This rule reflects the belief that even if diversity exists, a forum defendant--a defendant who is a citizen of the state in which it is sued--has no reason to fear state court prejudice. *Lively v. Wild Oats Markets, Inc.,* 456 F.3d 933, 940 (9th Cir.2006).

*NFC Acquisition, LLC v. Comerica Bank*, 640 F.Supp.2d 964, 968 (N.D. Ohio 2009).[3]

The forum defendant provision is a procedural removal requirement that is waived if it is not raised by a timely motion to remand. *Plastic Moldings Corp. v. Park Sherman Co.,* 606 F.2d 117, 119 n. 1 (6th Cir.1979) ("The case was not properly removable because the removing defendant, Park Sherman, is a resident of the state in which the action was brought, Tennessee. 28 U.S.C. § 1441(b). However, the case was within the District Court's original jurisdiction, since the parties are of diverse citizenship and the amount of controversy was greater than $10,000, 28 U.S.C. § 1332; and, Plastic Moldings' acquiescence in the removal waived any objection it might have had in this regard. See generally 1A Moore's Federal Practice P 0.157(5), at 103, P 0.157(11), at 135-52.").

As a threshold matter, the Court notes that, although plaintiff raised the § 1441(b) issue for the first time in its reply brief relating to its timely-filed motion to remand, this Court directed defendants to file a sur-reply to address the issue and, in fact, also granted three motions for extension of the deadline for the sur-reply. Even after all that additional time, defendants did not argue in their sur-reply that plaintiff waived this issue by not raising it in the actual motion to remand. Therefore, the Court finds that the § 1441(b) issue was timely raised and is properly before this Court.[4]

---

[3] The issue actually before the court in *NFC Acquisition* related to the statutory phrase "properly joined and served." In the instant case, there is no question that all three defendants were properly joined and served. All three defendants joined in the notice of removal, although "[n]othing in the text of § 1441(b) [...] makes the forum defendant rule dependent on which defendant filed for removal." 640 F.Supp.2d at 969.

[4] Usually failure to raise an argument in a motion acts as a waiver of that argument. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). However, courts also recognize that one of the reasons for the reply-

Although there is a dispute about the citizenship of Chicago Cycles, there is no dispute that defendant W.W. Cycles is an Ohio corporation with its principal place of business in Ohio and that defendant Giant Motorsports also has its principal place of business in Ohio. Therefore, under 28 U.S.C. § 1441(b), even if there were complete diversity of citizenship, removal was improper.

### III. CONCLUSION

For the reasons discussed above, plaintiff's motion to remand (Doc. No. 7) is **GRANTED**. This case is **REMANDED** to the Mahoning County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: May 12, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

waiver rule is to avoid prejudice to the non-moving party who would not have an opportunity to respond. *Id*. To avoid that prejudice a district court may allow the non-moving party a fair opportunity to respond by way of a sur-reply. That happened here.